UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 271 |
| v. | ) | |
| | ) | Judge Rebecca Pallmeyer |
| MOHAMMAD ALKARAMLA | ) | |

**GOVERNMENT'S AMENDED SENTENCING CALCULATIONS/
MOTION FOR UPWARD VARIANCE OF THREE LEVELS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, submits the following as the Government's Amended

Sentencing Calculations, or in the alternative, its Motion for an Upward Variance of Three Levels:

**I.      Government's Amended Guidelines Calculations.**

The Presentence Investigation Report ("PSR") calculated defendant's offense level as

follows:

| Guidelines Provision | Points |
|---|---|
| § 2A6.1(a)(1) Base Offense Level | 12 |
| § 3A1.1(a) Hate Crime Motivation | +3 |
| Total Offense Level | 15 |

According to the PSR, at Level 15, with a Criminal History Category of I, defendant falls in Zone

D and is eligible for an advisory Sentencing Guidelines range of 18-24 months' imprisonment. *See*

PSR at 5-7, 12.  The Government agreed with the PSR's calculations.  *See* Govt. Sent. Memo. at 4.

In defendant's November 17, 2010 Amended Objections and Motion to Strike Pre-Sentence

Report, defendant for the first time challenges the application of Guideline § 3A1.1(a) ("Hate Crime

1

Motivation or Vulnerable Victim") to this case because the Court did not find beyond a reasonable doubt at trial that defendant intentionally selected his victims because of perceived religion, national origin, or ethnicity. Def. Amended Objections at 2-3. As support for this request, defendant cites both the text set forth in § 3A1.1(a) and the Background in that Guideline's Commentary Section. According to defendant, the special finding is required before the three-point enhancement may be applied under § 3A1.1(a).

Section 3A1.1(a) provides, in relevant part:

> *If the finder of fact at trial... determines beyond a reasonable doubt* that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person, increase by 3 levels.

§ 3A1.1(a) (emphasis supplied). Moreover, the Background in the Guideline's Commentary Section provides, in relevant part:

> Subsection (a) reflects the directive to the Commission… to provide an enhancement of not less than three levels for an offense *when the finder of fact at trial determines beyond a reasonable doubt* that the defendant had a hate crime motivation. To avoid unwarranted sentencing disparity based on the method of conviction, the Commission has broadened the application of this enhancement to include offenses that, in the case of a plea of guilty or nolo contendere, the court at sentencing determines are hate crimes…

Background to Commentary to § 3A1.1(a) (emphasis supplied).

It should be noted that the reading offered by defendant would make Subsection (a) unique in the Guidelines in that, in the instant case, a Guideline factor would be subject to the fact-finder's determination and a higher "beyond a reasonable doubt" burden of proof, whereas the Guidelines typically require only that a sentencing court apply the evidence it receives against the significantly less-stringent "preponderance of the evidence" burden of proof. *See*, *e.g.*, *United States v. Chandler*,

12 F.3d 1427, 1434 (7th Cir. 1995). Moreover, the case law defendant cites arises in the context of civil rights cases charged under statutes where a fact-finder would be expected to hear evidence concerning a defendant's racial motivation for committing the charged civil rights violation. *See United States v. Weems*, 517 F.3d 1027 (8th Cir. 2008)(conviction under 18 U.S.C. § 241 for conspiracy to threaten and intimidate an African-American man in the exercise of his housing rights); *United States v. Pospisil*, 186 F.3d 1023 (8th Cir. 1999)(conviction under 18 U.S.C. § 241 for conspiracy to violate civil rights as the result of a cross-burning). Nonetheless, the Government acknowledges that the italicized portions of the text set forth above appear to support defendant's reading of the requirements of Guideline § 3A1.1(a). Consequently, in an abundance of caution, the Government amends its position concerning the applicability of § 3A1.1(a) in this case because a special finding concerning defendant's motivation in mailing the bomb threat letter was not requested, and thus not made, at trial.

Therefore, if § 3A1.1(a) is not applicable to the case, defendant will fall at Level 12 and face an advisory Sentencing Guidelines range of 10-16 months' imprisonment, prior to the application of other applicable Guidelines' enhancements. The PSR should be amended to reflect this range.

**II.     Applicability of the "Vulnerable Victims" Enhancement in Guideline § 3A1.1(b).**

Although the hate crime motivation in § 3A1.1(a) is no longer being sought in this case by the Government, defendant is still subject to an additional four points under § 3A1.1(b) because he "knew or should have known that a victim of the offense was a vulnerable victim," § 3A1.1(b)(1); and "the offense involved a large number of vulnerable victims." § 3A1.1(b)(2)(B). Application Note Two to § 3A1.1(b) provides that:

> For purposes of subsection (b) [of Guideline § 3A1.1), "vulnerable victim" means a person (A) who is a victim of the offense of conviction and any conduct for which

the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.

U.S.S.G. § 3A1.1, App. Note 2. Defendant's crime qualifies for the four points described in the enhancement because defendant targeted numerous "vulnerable victims" by mailing his bomb threat to an institution populated with a large number of children.

The evidence at trial established that defendant sent the bomb threat letter to the Ida Crown Jewish Academy ("ICJA"), a secondary school which provides an Orthodox Jewish religious education to secondary school students from the Chicago-area Jewish community. As School Administrator Michael London and Rabbi Leonard Matanky testified, at the time the threat letter was mailed, there were several hundred students enrolled at the ICJA, as well as several "special needs" students who attended the Keshet program that shared space in the same building. Moreover, the evidence established that the text of the threat letter was followed by 22 addresses corresponding to several other Chicago-area Jewish educational centers. Consequently, according to Rabbi Matanky, defendant's threat represented a "direct threat to 7,000 children." PSR at 12.

The evidence also established that defendant obtained the addresses for the schools listed in the threat letter from the website of the Associated Talmud Torahs, the umbrella organization of the ICJA. The page defendant accessed was specifically titled "Schools" and delineated categories of "Primary Day Schools" and "Secondary Day Schools." Accordingly, there is no question that defendant knew that his bomb threat would be received by school children when he chose to address the letter to the ICJA and other similar institutions. Jewish children were defendant's intended audience.

Given that the threat was directed to a school typically filled with children -- victims who are among the most vulnerable members of our society, defendant should be subject to a four-level enhancement under § 3A1.1(b): two points because he "knew or should have known that a victim of the offense was a vulnerable victim," § 3A1.1(b)(1); and two points because the "offense involved a large number of vulnerable victims." § 3A1.1(b)(2)(B). *United States v. Willis*, 523 F.3d 762, 769 (7th Cir. 2008) (explaining that "§ 3A1.1 provides for a two-level enhancement where the 'defendant knew ... that a victim of the offense was a vulnerable victim,' whereas if a 'large number of vulnerable victims' were involved, this provision calls for a three-level [*sic*] [four-level] adjustment."). Not only would each of the students at the ICJA and the Keshet program represent a "vulnerable victim," but so would each of the many students who attended the 22 other Chicago-area Jewish educational centers that defendant targeted.

Defendant should thus receive four additional levels under § 3A1.1(b), thereby placing defendant at Level 16. At Level 16, defendant will be subject to 21-27 months' imprisonment.

### III.    <u>Motion for an Upward Variance of Three Levels</u>

Assuming that the Court does not apply the four-level enhancement sought under § 3A1.1(b), the Government moves the Court for a three-level upward variance under § 3553. As explained above, defendant is now not subject to three additional levels for the hate crime motivation described in § 3A1.1(a). Nonetheless, by analogy to the rationale underlying the enhancement in § 3A1.1(a), defendant should receive three additional points to his adjusted offense level of 12.

With respect to an upward variance of the type being sought here, the Seventh Circuit recently explained that:

> [a] sentencing court  applying *Booker* now consults the Guidelines as *guidance* for
> what is a wholly discretionary decision – discretion that is exercised by reference to

> the broad array of sentencing factors set forth in § 3553(a). Those factors include: the defendant's offense conduct, personal history, and characteristics; the need for the sentence to provide just punishment, to protect the public, to provide deterrence, and to rehabilitate the defendant; the Sentencing Commission's advisory Guidelines range and policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution for victims....

*United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006). Because defendant's offense conduct targeted a specific community solely on the basis of its religious faith and orientation, the punishment for defendant's conduct must be distinguishable from that meted out to others who commit bomb threats where there are no such distinguishing factors. Put simply, the fact that defendant directed his bomb threat to a Jewish educational center warrants an upward variance of three levels, to address the fact that defendant intentionally selected a protected class of victims in this case. Although those three levels may not be applicable to this case under § 3A1.1(a), the Court may certainly exercise its discretion and apply the three levels under § 3553(a), in order to distinguish defendant's offense conduct from that of others who violate 18 U.S.C. § 844(e). *See*, *e.g.*, *Walker*, 447 F.3d at 1007; *United States v. Casto-Juarez*, 425 F.3d 430, 436 (7th Cir. 2005)(explaining that "[a]ll that is necessary now to sustain a sentence above the guideline range is 'an adequate statement of the judge's reasons, consistent with section 3553(s), for thinking the sentence that he has selected is indeed appropriate for the particular defendant.'")(internal citation omitted).

## IV.    <u>Conclusion</u>

For the foregoing reasons, the Government respectfully requests that the Court sentence defendant Mohammad Alkaramla to a term of imprisonment at the high-end of the applicable Guidelines range, which should be 21 to 27 months' imprisonment if the Court applies § 3A1.1(b). Alternatively, if the Court does not apply § 3A1.1(b), and instead finds that defendant falls at Level

12, the Court should impose an upward variance of three levels under § 3553, thereby placing defendant at Level 15 and rendering him subject to the high-end of a range of 18-24 months' imprisonment.

<div style="margin-left: 40%;">

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

</div>

Dated: November 23, 2010      By:    /s/ Kartik K. Raman
                                                KARTIK K. RAMAN
                                                MEGHAN C. MORRISSEY
                                                Assistant United States Attorneys
                                                219 South Dearborn Street, Rm. 500
                                                Chicago, Illinois  60604

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with

Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing

(ECF), the following document:

GOVERNMENT'S AMENDED SENTENCING CALCULATIONS/
MOTION FOR UPWARD VARIANCE OF THREE LEVELS

was served this day pursuant to the district court's ECF system as to all ECF filers.

PATRICK J. FITZGERALD
United States Attorney

DATED: November 23, 2010         By:      /s/ Kartik K. Raman
KARTIK K. RAMAN
Assistant United States Attorney
219 South Dearborn Street, Rm. 500
Chicago, IL  60604
(312) 353-5300

8